IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Gregory McHam, | ) | |
| | ) | Civil Action No. 8:13-2492-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Cartledge, | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, an inmate proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was referred to a magistrate judge for pretrial handling. The respondent has filed a return and moved for summary judgment. (ECF Nos. 24, 25.) The petitioner responded to the motion for summary judgment (ECF No. 31) and now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the respondent's motion for summary judgment and deny the petition. (ECF No. 34.) Although advised of his right to do so, the petitioner has not objected and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Therefore, the respondent's motion for summary judgment (ECF No. 25) is **GRANTED** and the habeas petition is **DENIED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 9, 2014
Anderson, South Carolina